### WINFREE v. MONTGOMERY COUNTY.

No. 2969.

Court of Civil Appeals of Texas. Beaumont.

June 4, 1936.

Elliott Cage, of Houston, for appellant.

Pitts & Liles and P. G. Grogan, all of Conroe, for appellee.

WALKER, Chief Justice.

On October 3, 1933, J. E. Winfree and the county judge and commissioners' court of Montgomery county entered into a certain verbal contract, and the following memorandum of that contract was entered of record upon the minutes of the commissioners' court: "That J. E. Winfree was employed to obtain a loan from the Federal Government to cover projects outlined in the County Engineer's Plans submitted. That for said services in procuring said loan, defendant agreed and promised to pay the said J. E. Winfree, Sr., one per cent of the amount of the loan procured."

J. E. Winfree duly entered upon the discharge of the duties imposed upon him by this contract and, on his theory of the facts, an agreement was made with the duly authorized officers and representatives of the government, granting the loan in the sum of $378,000, with a grant to Montgomery county of $137,000. The loan agreement of the federal government contained a condition precedent to the issuance of the loan to the effect that no part of the loan would be paid as a bonus fee or commission for securing the loan or grant from the federal government. After the commissioners' court had advertised for bids for the work for which the loan and grant were made by the federal government, acting under the provisions of section 4 of article 2368a, Vernon's Ann.Civ. St. (Acts 1931, 42d Leg., p. 269, c. 163) 10 per cent. of the qualified voters of Montgomery county joined in a petition asking that the matter of the proposed improvements be submitted to a popular election of the county. The petition was

granted and the election was held on the 17th day of November, 1934, in which 447 votes were cast for the improvements and 736 against. After the returns of the election were canvassed, the commissioners' court made no further effort to secure the money from the federal government. J. E. Winfree assigned his claim to his son, appellant, J. E. Winfree, Jr., who duly presented it to the commissioners' court. After due consideration the claim was refused, whereupon appellant instituted this suit, pleading the facts as stated above, and prayed for judgment in the sum of $5,000. Appellee, Montgomery county, answered by general demurrer, general denial, and specially, in substance, that the contract with W. E. Winfree was made subject to the provisions of article 2368a, supra, and by the election held on the 17th day of November, 1934, the people of Montgomery county withdrew from the contract, as they had a right to do by the express provisions of the law. On trial to the court without a jury, without conclusions of fact and law, judgment was entered in favor of appellee.

Opinion.

Under section 2 of article 2368a, supra, no county, acting through its commissioners' court, has the power to enter into any contract for the completion of any public work requiring or authorizing an expenditure in excess of $2,000, "creating or imposing an obligation or liability of any nature or character upon such county," without first submitting such proposed contract or agreement to competitive bids. Section 3 provides that "when it shall be the intention of the Commissioners' Court, or of the governing body, to issue time warrants for the payment of all or any part of the proposed contract" the notice to bidders shall recite that fact. Section 4 reads as follows:

"Sec. 4. If, by the time set for the letting of the contract, as many as ten per cent (10%) in number of the qualified voters of said county, or city, as the case may be, whose names appear on the last approved tax rolls as property taxpayers, petition the Commissioners' Court, or governing body, in writing to submit to a referendum vote the question as to the issuance of bonds for such purpose, then such Commissioners' Court, or governing body, shall not be authorized to make said expenditure, and shall not finally

award said contract unless the proposition to issue bonds for such purpose is sustained by a majority of the votes cast at such election. The law in reference to elections for the issuance of city and county bonds as contained in Chapters 1 and 2, Title 22, Revised Statutes of 1925, shall govern in so far as consistent with the provisions of this Act. The law in reference to the issuance, approval, registration and sale of bonds as contained in Chapters 1 and 2, Title 22, Revised Statutes of 1925, shall govern insofar as consistent with the provisions of this Act. Provided, that all such bonds shall mature and be payable as provided herein for funding bonds.

"If such petition is not so filed with the County Clerk, or the City Secretary or Clerk, then the Commissioners' Court or the governing body may proceed with the final award of the contract and with the issuance of said warrants, but in the absence of such petition, the Commissioners' Court or governing body may at its discretion also submit such question to a vote of the people."

Winfree's contract with the commissioners' court was made in contemplation of this statute, which was as much a part of the contract as if incorporated therein. This law gave Winfree express notice that his contract was subject to ratification or rejection by a popular vote. He could acquire no right against the county contrary to the provisions of this statute. When the matter was sent to the people they overwhelmingly repudiated the contract. The result was, of course, that Winfree had no enforceable right against Montgomery county.

Appellant insists that by the express terms of the contract he was to be paid from funds independent of and in no way connected with the loan transaction. This contention is denied by the very language of the contract; it was therein provided that he should be paid "one per cent of the amount of the loan procured." Since, by the vote of the people, Montgomery county was denied the right to receive this loan, there was no fund from which appellant could be paid. Under this proposition we pretermit a discussion of the condition of the loan agreement that no part of the loan could be paid as a "fee" for securing the loan from the federal government.

Appellant insists that he discharged all the obligations of his contract and, therefore, had earned his fee. That contention is without merit. One element of his contract was the reserved right of the people to reject it as an obligation against the county. Appellant does not have a proposition where one party refuses to go forward with the contract after the other party has duly executed his part. The facts of this case present the proposition that the people of the county never ratified the contract with appellant, and, therefore, he never at any time had an enforceable right against them.

Appellant insists that the evidence offered was insufficient to show that the election was duly called by the commissioners' court. The contention is that there was no showing that the number of qualified voters required by section 4 of article 2368a joined in the petition. The fact that the petition contained the requisite number of qualified voters was judicially determined by the commissioners' court as a predicate for the order of the election, and was not subject to collateral attack. 20 C.J. 95.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.